IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| ANADARKO PETROLEUM CORPORATION | § § § § § | |
| Plaintiff, | | |
| v. | § § § § § § | Civil Action No. 4:10cv02185 |
| NOBLE DRILLING (U.S) LLC, | | ADMIRALTY |
| Defendant. | | |

**ORIGINAL ANSWER OF DEFENDANT NOBLE DRILLNG (U.S.) LLC**

TO THE HONORABLE UNITED STATED DISTRICT JUDGE:

Defendant Noble Drilling (U.S.) L.L.C. ("Noble") files this its Original Answer to Original Complaint filed by Plaintiff Anadarko Petroleum Corporation ("Anadarko") and would state as follows:

**A. ADMISSIONS AND DENIALS**

1. Paragraph 1 of Plaintiff's Original Complaint is a preliminary statement and is Plaintiff's belief as to the nature of the case. Noble denies that there is any actual case or controversy for the reason that Anadarko had no right to exercise a *force majeure* right under the maritime contract between the parties.

2. Upon information and belief, Noble admits the allegations contained in Paragraph 2 of Plaintiff's Original Complaint.

3. Noble admits the allegations contained in Paragraph 3 of Plaintiff's Original Complaint.

4. As to paragraph 4, Noble admits that there was a drilling contract between Anadarko and Noble and refers the Court to the contract itself. To the extent that Anadarko

1

incorrectly interprets, summarizes or recites from the contract Noble denies same.  Otherwise, the allegations contained in Paragraph 4 of Plaintiff's Original Complaint are admitted.

5. Noble admits the allegations contained in Paragraph 5 of Plaintiff's Original Complaint.

6. Noble denies the allegations contained in Paragraph 6 of Plaintiff's Original Complaint for the reason that Noble does not believe that there is any dispute as to the interpretation of the drilling contract nor does Noble agree that Anadarko has a right to declare *force majeure* and to terminate the contract.  Noble has indicated that it will "exercise its legal rights" against Anadarko unless Anadarko withdraws its declaration of *force majeure* and to that extent Noble admits the allegations in Paragraph 6.

7. As to paragraph 7, Noble denies that Anadarko had the right to declare *force majeure*, otherwise, Noble admits the allegations contained in Paragraph 7 of Plaintiff's Original Complaint.

8. Noble admits that there was a drilling contract between Anadarko and Noble and refers the Court to the contract itself.  To the extent that Anadarko incorrectly interprets, summarizes or recites from the contract Noble denies same.  Otherwise, the allegations contained in Paragraph 8 of Plaintiff's Original Complaint are admitted.

9. Noble admits that there was a drilling contract between Anadarko and Noble and refers the Court to the contract itself.  To the extent that Anadarko incorrectly interprets, summarizes or recites from the contract Noble denies same.  Otherwise, the allegations contained in Paragraph 9 of Plaintiff's Original Complaint are admitted.

10. Noble admits that there was a drilling contract between Anadarko and Noble and refers the Court to the contract itself.  Specifically, Noble denies that the *force majeure*, if any,

was in effect for 15 days and denies that notice was properly given and that the notice is effective after 15 days. To the extent that Anadarko incorrectly interprets, summarizes or recites from the contract Noble denies same. Otherwise, the allegations contained in Paragraph 10 of Plaintiff's Original Complaint are admitted.

11. Noble admits the allegations contained in the first sentence of Paragraph 11 of Plaintiff's Original Complaint. As to the remainder of Paragraph 11, to the extent that Anadarko's interpretation, recitation, or summary of documents referenced is inconsistent with same, Noble denies the allegations and would refer the Court to the actual documents, otherwise Paragraph 11 is admitted.

12. Noble admits that the *Noble Amos Runner* was operating on OCS-G 21444 Keathley Canyon 875 No. 2 Well. Noble denies the allegations contained in Paragraph 12 of Plaintiff's Original Petition to the extent that Anadarko interprets, summarizes or incorrectly recites from documents referenced therein and would refer the Court to the actual documents. Noble specifically denies that the Moratorium went into effect on May 28, 2010. Otherwise Paragraph 12 is admitted.

13. Noble denies that the "governmental directives" were a *force majeure* event under the contract. Therefore, Noble denies the allegations contained in Paragraph 13 of Plaintiff's Original Petition.

14. Noble admits that Anadarko purported to give notice of termination. Noble denies the efficacy of the notice and denies the allegations contained in Paragraph 14 of Plaintiff's Original Petition.

15. Noble admits that it sent a letter dated June 3, 2010, and to the extent that Anadarko incorrectly interprets, summarizes or recites from same, Noble would refer the Court

to the document.  Otherwise Noble admits the allegations contained in Paragraph 15 of Plaintiff's Original Petition.

16.  Noble admits that it sent a letter dated June 16, 2010, and to the extent that Anadarko incorrectly interprets, summarizes or recites from same, Noble would refer the Court to the document.  Otherwise, Noble admits the allegations contained in Paragraph 16 of Plaintiff's Original Petition.

17.  In Paragraph 17, Anadarko incorporates each of its paragraphs above; therefore Noble incorporates each of its responses above.

18.  Noble denies that an actual controversy exists for the reason that Anadarko has no right to exercise a *force majeure* clause and therefore there is no controversy under the declaratory judgment statutes.  Anadarko is in breach of the contract.

19.  Noble denies the allegations contained in Paragraph 19 of Plaintiff's Original Petition.

20.  Noble denies the allegations contained in Paragraph 20 of Plaintiff's Original Petition.

21.  Noble denies the allegations contained in Paragraph 21 of Plaintiff's Original Petition.

### B. AFFIRMATIVE DEFENSES

1.  Noble would show that the conditions precedent to Anadarko's claim have not occurred.

2.  Noble would show that Anadarko has materially breached the contract.

3.  Noble would show that Anadarko has wrongfully repudiated the contract.

4.  Noble would show that Anadarko has failed to mitigate.

## C.  PRAYER

8.  WHEREFORE, PREMISES CONSIDERED, Defendant Noble Drilling (U.S.), LLC prays that Plaintiff's Original Complaint be dismissed, or that in the alternative that Plaintiff Anadarko Petroleum Corporation take nothing by this action, and that instead, Noble prays that upon trial of this case, judgment be entered in favor of Defendant Noble, granting Noble all such relief at law and in equity to which Noble may show itself to be justly entitled.

Respectfully submitted,

*/s/     Lee M. Larkin*
Paul J. Dobrowski
State Bar No.  05927100
Fed. Bar No. 3208

ATTORNEY IN CHARGE FOR DEFENDANT
NOBLE DRILLING (U.S.) LLC

OF COUNSEL:

DOBROWSKI L.L.P.
Lee M. Larkin
State Bar No.  11950500
Fed. Bar No. 5152
Anthony D. Weiner
State Bar No.  24043984
Fed. Bar No.  38618
4601 Washington Avenue
Suite 300
Houston, Texas  77002
Tel:     (713) 659-2900
Fax:    (713) 659-2908

## CERTIFICATE OF SERVICE

All counsel of record have been provided with a true and complete copy of Defendant's Original Answer and Counterclaim, via facsimile and ECF notification on this the 13th day of July, 2010.

> Alison Leigh Smith
> Haynes and Boone LLP
> One Houston Center
> 1221 McKinney Street, Suite 2100
> Houston, Texas 77010

*/s/ Lee M. Larkin*
Lee M. Larkin